## COCKE v. CAMPBELL & SMITH.

1. When power is given to an agent to sell a slave, an authority is implied to make to the purchaser a warranty of title, and soundness.

2. An agent authorized by parol to sell a slave, cannot execute a warrenty of soundness under seal, so as to bind his principal upon the warranty as his deed; but such a warranty, though under seal, is evidence, as an admission of the agent, at the time of the sale, of the terms of the contract.

Error to the Circuit Court of Perry. Before the Hon. G. Goldthwaite.

DAVID CAMPBELL declared in assumpsit against the plaintiff in error, on several promissory notes. The defendants pleaded *non-assumpsit*, failure of consideration, and fraud. On the trial, it appeared, that the notes sued on, were given by the defendants, to the plaintiff, in the purchase of a negro, in 1840. The price agreed to be paid was $900; $500 was paid in cash, and the notes sued on were given for the residue. The negro was sold to the defendants by Alexander Campbell, the agent of the plaintiff. The bill of sale was under seal, and signed David Campbell, by Alexander Campbell, and contains a warranty of soundness. It did not appear that Alexander Campbell had authority under seal, but there was testimony tending to show, that he was authorized to sell the negro. The defendants also offered proof, tending to show, that at the time of the purchase, and before, the negro was diseased, and unsound; that the plaintiff and his agent knew of this unsoundness. That the negro was sold as sound, and so represented to the defendants, and that the defendants were ignorant of his unsoundness until a short time after the sale. That as soon as they discovered the negro to be unsound, they addressed a letter to plaintiff, and also to Alexander Campbell, offering to rescind the contract

of purchase, and testimony was also offered, tending to show, that the letter was received by the plaintiff.

On this proof the court charged, that to authorize Alexander Campbell, to bind David Campbell, by a warranty under seal, it was necessary that he, Alexander Campbell, should have had authority under seal; and without authority under seal, the warranty was not the deed and warranty of the plaintiff.

The defendants requested the court to charge the jury, that if they believed that Alexander Campbell was authorized to sell the slave, that the warranty, though not the deed of the plaintiff, might yet be considered as his written warranty. This charge the court refused to give.

The defendant also requested the court to charge, that if Alexander was the agent of David Campbell in the sale of said negro, and that he represented said slave as sound, knowing him to be unsound ; that this would be a fraud, and that the said writing, purporting to be a warranty of soundness, although not the deed of David Campbell, might be regarded as evidence that Alexander Campbell represented said slave as sound, at the time of the sale. This the court also refused.

The defendants also requested the court to charge the jury, that if they believed, that said David received the price for said slave, and knew of the sale and warranty, and also received the letter of the defendants, and made no reply, and waited for near five years before he made any demand for the payment of the notes, that these facts might be considered by the jury, as a ratification of the warranty, although under seal. This charge the court also refused.

The charge given, and the refusal to charge as requested, is here assigned for error.

A. Graham, for plaintiff in error.

1. The American authorities differ from the English as to the strict rule requiring an agent to have authority under seal to execute a deed. Story on Part. § 121, 122.

2. A ratification of a deed may be without seal in some cases.

3. The warranty was not *required* to be under seal, and is therefore binding as a parol contract. Story on Part. § 122, and note ; 2 Kent, 614; 1 Wend. 424; 4 Ib. 285; 19 Johns. 65.

4. A principal is bound by the fraudulent representations of his agent. Story on Ag. § 126, 127, 139; 1 Greenl. Ev. 125; 13 Wend. 518.

5. A power to sell a slave, implies a power to warrant. 1 Ala. Rep. 446; 9 Por. 305.

6. The statements in the deed were not the less false representations from the fact of their being under seal. Indeed, being in writing, no verbal evidence would perhaps be heard. Hilliard on Sales, 256.

DAVIS, contra.

An agent cannot bind his principal under seal, unless his authority so to bind is under seal. Story's Ag. § 49; Skinner v. Gunn, 9 Por. 305.

The principal must ratify by seal, the acts of his agent, done for him under seal, before he is bound thereby. Story's Ag. § 242.

The writing of a third person in respect to a fact, is not good evidence, but the writer ought to be called. 1 Stark. Ev. 40, 41.

DARGAN, J.—It is true, that an agent cannot bind his principal by deed, unless he have authority under seal ; but if an agent be authorized to sell a chattel, which he may do by parol, or by writing not under seal, and the agent sell the chattel, and execute a conveyance under seal, and the principal receives the purchase money, in whom is the title to the chattel vested ? Suppose the principal could cancel the contract, because it is under seal, yet he does not choose to do it—I ask, if the title is not perfect in the vendee ? If so, by what right does the vendee hold? The answer is, by his purchase. Why cannot the original owner claim the chattel ? Because he has parted with his title. Then there is a contract consummated between the vendor and the ven-

dee.   The vendor is not bound by the deed, yet it is a contract.   It can only be a simple contract, or a contract by parol.   The testimony tended to show, that David Campbell authorized Alexander Campbell to sell the slave.   The power to sell, implies the power to warrant the title, and the soundness of the slave.   See Skinner v. Gunn, 9 Porter, 305; Gaines v. McKinley, 1 Ala. Rep. 446.   And the only remaining question is, was there a warranty?

This could be shown by what the agent said at the time of the sale; and we entertain no doubt but the bill of sale might be looked to by the jury, not as the deed of the plaintiff, and therefore binding on him, but as evidence, or the admissions of the agent at the time of the sale, to ascertain the terms of the contract.   If the agent had written down the terms of the sale, under his own seal, this would not have bound the plaintiff, as by his deed, but it being the declarations of the agent, made at the moment of executing the contract, and showing what the contract was, it would be evidence by which the jury could be informed of the nature and terms of the contract.   From this it results, that the court erred in not giving the charge first requested by the defendants.

The judgment is therefore reversed, and the cause remanded.