## NORWICH UNIVERSITY v. EDWARD DENNY.

### Principal and Agent.

One having authority to sign the name of another to a subscription paper, may procure a third to do it in his presence.

ASSUMPSIT upon a subscription of $200 to induce the location of the plaintiff university at Northfield. Plea, the general issue; trial by jury, and verdict for the plaintiff, September term, 1872, PECK, J., presiding. Exceptions by the defendant. The facts sufficiently appear in the opinion of the court.

*Heman Carpenter*, for the defendant.

*Geo. M. Fisk*, for the plaintiff, cited Story Agency, 109, and cases cited; *Moulton* v. *Hall et als.* 27 Vt. 233; *Andrus* v. *Howard*, 36 Vt. 248.

The opinion of the court was delivered by

BARRETT, J.   The liability of the defendant for the sum claimed depended on the subscription of his name to the paper presented. If his name was put there by his authorization, then he is liable ; if not by his authorization, then he is not liable.   Whatever authorization was given, he gave to Dr. Nichols.   The question of fact in controversy in the jury trial was, whether the defendant gave such authorization to Dr. Nichols.   That was determined by the jury upon legitimate evidence, with proper instructions by the court.   It is shown and agreed that the defendant's name was put there by the procurement of Dr. N., pretending to act in virtue of authority from the defendant.

It is now insisted that Dr. N. could not delegate such authority, so as to enable another to make a binding subscription of the defendant's name.   This cannot be maintained.   It is matter of entire indifference for any purpose or reason by what hand the name was written ; provided it was done by the procurement of Dr. N. under and in execution of the authority given by the defendant to him.   He might as well do it by the fingers of another person, as by the pen of another person.   He was not delegating any authority, but only performing an authorized act by a servant, instead of doing it with his own hand.   It was the act of his mind and will, and was an effectual doing by him of the act he was authorized to do.

It differs entirely from cases in which the person is authorized to do things requiring the exercise of that person's judgment and discretion, which can be exercised only by the person himself. An arbitrator cannot delegate his function to another ; but having heard and decided as arbitrator, he can have another person draw up his award and put his name to it, instead of doing it himself.   So in this case, Dr. N. could execute the authority conferred on him by the defendant, by procuring another to use the pen under the direction of his own mind and will, instead of using the pen himself.

Judgment affirmed.