*Marston, J.:
Venn brought an action of assumpsit against Beecher to-recover abalance due on meat ordered for and delivered at the Biddle House in 1875. This meat was ordered by one Maxwell, and evidence was given on the part of the plaintiff tending to show that “ Maxwell was in Beecher’s employ at thirty dollars per month; that Beecher was the owner and proprietor of the hotel and employed Maxwell as his agent in and about the hotel, and in running it.” The plaintiff further introduced evidence tending to show “that the defendant had caused to-' be inserted in the Detroit Tribune, and other papers, an advertisement, in which Maxwell was named as manager of the Biddle House.” There was no evidence given tending to show any custom or established course of business which would authorize an agent in the employ of the proprietor of a hotel to purchase supplies for the same on credit of the proprietor, or that defendant had ever established such custom or practice. Evidence was also given by the plaintiff tending to show that defendant recognized his liability and agreed to pay any balance found due.
Evidence was also given tending to show that while defendant had held himself out as proprietor and owner of this house, that he had also held out one G. M. Pettee as his agent, and that a balance was due plaintiff for meat ordered by and delivered to Pettee for use at the Biddle House. Evidence was-given by defendant having a contrary tendency to the above.
It is insisted that there was no evidence that Maxwell had authority to buy the meat on defendant’s credit, and that the evidence did not show any subsequent recognition by the defendant of his liability, or of Maxwell’s authority, and that the court erred in not so instructing the jury.
We do not discover any error in the charge as given, or in refusing to charge as requested, upon this part of the case.
The evidence fairly tended to show that Maxwell had *authority to bind the defendant in making the purchase. Where the owner and proprietor of a hotel employs another as his agent in and about the hotel, and in running it, and holds such person out as manager of the house, *443 we are of opinion a jury would be warranted in finding from such evidence that such a person bad authority to purchase the usual and necessary supplies for the hotel, and to bind his employer in making such purchases. Such an agent cannot well manage and properly take care of a hotel if he has not the authority claimed in this case.
Complaint is also made of that part of the charge illustrating this case by the authority of a wife to purchase necessaries. The jury, we think, could not have been misled by what was said; they were cautioned against applying the illustration or analogy fully to the case before them.
As we discover no error, the judgment must be affirmed, with costs.
The other justices concurred.