# Powell v. Wade.

## *Action of Assumpsit.*

1. *Principal and agent; rights of undisclosed principal.*—A principal, though undisclosed, may maintain an action on a written contract made in the name of one who was his agent, on proof that in the making of the contract the agent was acting for the principal.

2. *Same; burden of proof.*—Where one sues on a contract made in the name of another, claiming that such other person was acting as his agent in making the contract, the burden of proof is on the plaintiff to show the agency, and that in the making of the contract the agent was acting for him.

3. *Same; stating account with agent.*—A count upon an account stated may be supported by evidence that the account was stated with the agent of the plaintiff, or by admissions made to an agent.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. H. C. SPEAKE.

This was an action by P. P. Powell, the appellant, against George R. Wade, the appellee. The complaint contained the common counts, and a special count in

[Powell v. Wade.]

which the amount sued for was claimed on a contract
alleged to have been executed for the plaintiff, by his
agent, with the defendant. The testimony for the plain-
tiff tended to show that his son, R. L. Powell, as his
agent, sold certain trees on plaintiff's land, as they
stood; that the contract was made with the plaintiff's
consent, and by his direction; and that defendant knew
that plaintiff owned the land and the trees, and was in-
formed that R. L. Powell was acting for the plaintiff and
as his agent. The written contract was introduced in
evidence, and was as follows: "I, R. L. Powell, party
of the first part, for and in consideration of fifty dollars
cash in hand paid by George R. Wade, party of the sec-
ond part, the receipt whereof is hereby acknowledged,
have this day bargained and sold to the said George R.
Wade one hundred and ten to one hundred and thirty
poplar trees at three dollars per thousand feet in the
woods, standing. The remainder of timber, all over the
fifty dollars worth, is to be paid for by the said George
R. Wade as fast as ten or twenty thousand feet are cut
and measured. The said R. L. Powell grants to said
George R. Wade the privilege of hauling the said timber
over his farm. [Signed] R. L Powell." The testimo-
ny of the defendant tended to show that the contract
was made with R. L. Powell for himself, that R. L.
Powell gave receipts in his own name for payments made
under the contract, that plaintiff never claimed that any
of the money was due to him until after a writ of gar-
nishment was served on the defendant in a suit against
R. L. Powell, and that the balance due under the con-
tract had been paid by the defendant on that garnish-
ment. It was shown that the amount due under the
contract was agreed upon at a settlement made, on the
10th day of August, 1891, at the residence of the plain-
tiff, the plaintiff and the defendant, and also R. L.
Powell, being present. The plaintiff separately except-
ed to the action of the court in giving each of the fol-
lowing written charges, requested by the defendant:
(1) "In order for the plaintiff to recover on the stated
account, the jury must be satisfied from the evidence
that on the 10th day of August, 1891, the account was
stated between P. P. Powell and defendant, and not be-
tween R. L. Powell and defendant." (2) "The burden
of proof is on the plaintiff to show that the contract was

made by R. L. Powell as agent for his father, and not for himself." (3) "If the jury find from the evidence that the contract was made between R. L. Powell and defendant, and that R. L. Powell undertook to sell the timber as his own, then—it matters not whom the timber really belonged to—the plaintiff cannot recover in this action." From a judgment for defendant, plaintiff appeals.

JOHN T. ASHCRAFT, for appellant.

J. B. WEAKLEY, and SIMPSON & JONES, *contra*.

BRICKELL, C. J.—A principal, whether disclosed or undisclosed, is bound by the acts or contracts of the agent, within the scope of the authority conferred. As he is bound by the contracts, whether oral or written, though made by and with the agent, in his own name, he may, in his own name, maintain an action thereon. If the contract is in writing, in the name of the agent alone, it is permissible by parol to show that in the making of the contract the agent was acting for the principal. Such proof does not contradict the writing; it only explains the transaction.—*Ford v. Williams*, 21 How. (U. S.) 287; Bishop on Contracts, § 1080; Mechem on Agency, § 769. In such action, the burden of proof lies on the principal to show the agency, and that in the making of the contract the agent was acting for him. This is the proposition asserted in the second instruction given at the instance of the defendant, and in the giving of it there was no error.

But the first instruction was erroneous. A count upon an account stated may be supported by evidence that the account was stated with the agent of the plaintiff, or by admissions made to an agent.—2 Green. Ev. § 126.

The third instruction contravenes the principle we have stated—that the plaintiff, though undisclosed as the principal and though the agent may may have contracted in his own name, may, in his own name, maintain an action on the contract. The instruction was erroneous.

For the errors pointed out, the judgment must be reversed, and the cause remanded.