GEORGE C. CALHOON, PLAINTIFF AND APPELLANT, v.
CHARLES BUHRE, DEFENDANT AND APPELLEE.

Argued June 4, 1907—Decided November 11, 1907.

1. An appellant who brings up with the state of the case a certi-
   fied transcript of the judgment record in the court below, trans-
   mits such record to this court for review under the act (*Pamph.
   L.* 1902, *p.* 565) providing for appeals from city District Courts
   to the Supreme Court.
2. If a contract which need not be under seal is executed by an
   agent having authority to execute simple contracts, but not sealed
   contracts, and has a seal affixed to it, it will be valid as a simple
   contract.
3. The rule that an agent cannot delegate his powers, unless the
   sub-agency be directly authorized or ratified by his principal, with
   full knowledge of the facts, has no application to acts purely
   ministerial. In such cases, if he directs the act, or, being aware
   of the circumstances, afterwards adopts it as his own, that is
   sufficient.
4. One in charge of a hotel, and having the management thereof,
   has authority to bind his principal by a contract for advertising
   for the hotel.

On appeal from the District Court of Atlantic City.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, *Henry W. Lewis.*

For the appellee, *Thompson & Cole.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of non-
suit in the District Court of Atlantic City.

There is brought up, with the state of the case, a certified
transcript of the judgment record in the court below, and
there is thus transmitted such record to this court for review
under the act (*Pamph. L.* 1902, *p.* 565) providing for appeals
from the city District Courts to the Supreme Court. *Katzin
v. Jenny,* 45 *Vroom* 131.

From the state of the case it appears that the plaintiff below was the owner and publisher of the "Temple Review," a newspaper; that the defendant, Charles Buhre, was the proprietor of the Hotel Westminster at Atlantic City; that his wife, F. C. Buhre, was his agent in charge of that hotel; that the agreement in question was signed in Mrs. Buhre's name by her daughter in her presence and at her request.

The agreement in question is as follows:

"KNOW ALL MEN, That the publisher of the 'Temple Review,' of the city of Philadelphia and State of Pennsylvania, is hereby authorized to insert our advertisement in the 'Temple Review' to occupy the space of one-half page per issue for the period of three months, beginning with the issue of April 20th, 1906, for which we agree to pay $15 per issue in the following manner, to wit, $15 per issue to be paid in board. All board to be billed at regular rates. It is further agreed that all orders issued by the 'Temple Review' will be honored by the Westminster Hotel, or its representatives, as United States money, which may be presented by any person or persons in payment of board. Said orders need not be presented by the publisher of the 'Temple Review,' or any person or persons holding their order, until arrangements and rates for board have been completed, at which time it may be presented and will be honored by the proprietor, Charles Buhre, of the Hotel Westminster, of Atlantic City, N. J., as United States money. The entire amount of this contract may be had in board at any time the publisher of the 'Temple Review' desires, except August, 1906. It is further agreed that no exorbitant or special price will be charged, but that the publisher of the 'Temple Review,' or any person or persons holding an order for board signed by the publisher of the 'Temple Review,' will receive the same concessions and rates as any guest or boarder making a cash payment or transaction.

"It is further agreed that, at the expiration of this contract, it renews itself unless notice is given in writing by the said Charles Buhre of the said Hotel Westminster, and acknowledged in writing by the publisher of the 'Temple Review' to discontinue this advertisement. Said notice of discontinu-

ance must be received at least ten days previous to the expiration of this contract. This contract is signed by Charles Buhre, of the Hotel Westminster, Atlantic City, with the full knowledge of its contents and a clear understanding that no verbal agreement or understanding will be by the publisher of the 'Temple Review.'

"In witness thereof, the said Charles Buhre, of the Westminster Hotel of Atlantic City, has hereunto set his hand and seal this 10th day of April, A. D. 1906.

"I have received a copy of the above agreement and have no understanding, verbal or otherwise, differing from it.

"F. C. BUHRE.    [L. S.]"

Counsel for defendant treats the action as dependent upon an instrument under seal. We think this erroneous. The state of the case shows plainly that the demand is based not upon the terms of the agreement as an executory agreement, but upon advertising done by the plaintiff for the defendant, according to the terms of the agreement.

But with respect to the agreement. We think that it sufficiently appears that this instrument purported to be and was the agreement of Charles Buhre. By its terms responsibility is rested upon him as the proprietor of the Hotel Westminster, and in the body of the instrument it is expressly recited that "this contract is signed by Charles Buhre," &c. There is no attestation clause calling for a seal, and the circumstance that a seal was attached is not controlling, especially as the subject-matter did not require a sealed instrument.

If a contract which need not be under seal is executed by an agent having authority to execute simple contracts, but not sealed contracts, and has a seal affixed to it, it will be valid as a simple contract. *Long* v. *Hartwell,* 5 *Vroom* 116; *Wagoner* v. *Watts,* 15 *Id.* 126; *Dickerman* v. *Ashton,* 21 *Minn.* 538; *Stowell* v. *Eldred,* 39 *Wis.* 614; *Warrall* v. *Munn,* 5 *N. Y.* 229.

We think the act of Mrs. Buhre's daughter in signing the mother's name, in the mother's presence and at her request,

is not a delegation of authority by Mrs. Buhre, but is Mrs. Buhre's own act.

The rule that an agent cannot delegate his powers, unless the sub-agency be directly authorized or ratified by his principal, with full knowledge of the facts, has no application to acts purely ministerial. In such cases, if he directs the act, or, being aware of the circumstances, afterwards adopts it as his own, that is sufficient. *Grady* v. *American Central Insurance Co.,* 60 *Mo.* 116; *Commercial Bank* v. *Norton,* 1 *Hill (N. Y.)* 501; *Norwich University* v. *Denny,* 47 *Vt.* 13.

The only remaining question upon this branch of the case therefore is whether the agreement for advertising was within the scope of Mrs. Buhre's authority as "agent in charge of the hotel." We think it was.

In this court it has been held that, where the evidence establishes a general agency to carry on the business of the principal during his absence, the principal will be liable on the contracts made by the agent for the board of the workmen employed. *Burley* v. *Kitchell,* 1 *Spenc.* 305.

In *Goss* v. *Helbing,* 77 *Cal.* 190, it was held that one in charge of water works, and having the management thereof, has authority to bind his principal by the purchase of a pump for the use of the water works.

Likewise it has been held that an agent to manage a hotel may bind his principal by a purchase of necessary supplies for the hotel. *Beecher* v. *Venn,* 35 *Mich.* 466; *Oliver* v. *Shoemaker, Id.* 464; *Cummings* v. *Sargent,* 9 *Metc. (Mass.)* 172.

We are of the opinion that the state of the proof at trial warranted, and indeed required, a judgment in favor of the plaintiff. It sufficiently appeared that the advertising was done by the plaintiff for the defendant, amounting, besides credits, to $180; that Mrs. Buhre in July, on accepting a Mrs. Vanderpool as a guest for the account of the plaintiff, gave credit for the advertisement to the extent of only $20, rendering a bill to the plaintiff for a balance of $23.02 due; that on July 11th Mrs. Buhre wrote to the plaintiff telling him not to send any more people to the hotel, and to discontinue the advertisement, and to "send our bill at once." This

was, in effect, an acknowledgment by the defendant's agent that there was an indebtedness due to the plaintiff for advertising, the amount of which sufficiently appears by the state of the case to be $180.

The result is that the judgment below should be reversed and a *venire de novo* awarded.