NIMAN *v.* DETROIT UNITED RAILWAY.

1. TRIAL—MOTION FOR DIRECTED VERDICT—PLAINTIFF'S EVIDENCE TO BE CONSIDERED MOST FAVORABLY ON DEFENDANT'S MOTION.
   On a motion by defendant for a directed verdict in its favor, plaintiff's evidence must be viewed in the light most favorable to her.

2. STREET RAILWAYS—NEGLIGENCE—PERSONAL INJURIES—EVIDENCE —QUESTION FOR JURY.
   In an action against a street railway company for injuries to plaintiff caused by defendant's car when it struck the automobile in which plaintiff was a passenger as it was stalled on defendant's track, evidence that the car was a block away, 260 feet, when the automobile stalled, and that although the motorman saw the automobile when it stalled he made no effort to stop the car, *held,* sufficient to present an issue of fact for the jury as to defendant's negligence.

3. TRIAL—INSTRUCTIONS—PRESENTING ISSUE TO JURY.
   Defendant's complaint that the trial court in the charge to the jury gave undue emphasis to plaintiff's theory in the case and failed to instruct as to the theory of the defense, *held,* not supported by the record.

4. EVIDENCE—LIST OF WITNESSES UNABLE TO APPEAR INADMIS-
  SIBLE.
    In an action for personal injuries against a street railway
    company, a written list of witnesses made by the con-
    ductor of the car at the time of the accident, with testi-
    mony of its inability to produce certain of the witnesses,
    was properly rejected, the plain purpose of the offer
    being to create the impression that the testimony of
    these persons, if produced, would be favorable to defend-
    ant.

Error to Wayne; McDonald (John S.), J., presiding.
Submitted April 6, 1921.  (Docket No. 22.)  Decided
June 6, 1921.

Case by Henrietta Niman against the Detroit United
Railway for personal injuries.  Judgment for plain-
tiff.  Defendant brings error.  Affirmed.

*Corliss, Leete & Moody (William E. Tarsney, of
counsel), for appellant.*

*Prentis, Mulford, Pugh & Fitch, for appellee.*

CLARK, J.  On Brush street in Detroit an auto-
mobile in which plaintiff was a passenger collided with
another motor vehicle, skidded, stalled, and stopped
standing diagonally across the street car tracks of
defendant, where, as plaintiff claims, about 8 o'clock
in the evening of August 22, 1916, the street being
lighted, it was struck by one of defendant's street cars
and she was injured.  Defendant claims that there
are errors in the trial which resulted in a judgment
for plaintiff.

1. The negligence charged against defendant in sub-
stance was that the motorman ran his car in a careless
and reckless manner regardless of the safety of plain-
tiff, when, had he been careful, he could have seen
plaintiff and stopped his car or slackened its speed

sufficiently in time to avoid injuring her. At the conclusion of plaintiff's proofs defendant made a motion that a verdict be directed in its favor, contending that there was no evidence of negligence on its part in that plaintiff showed neither the speed of the car nor the distance within which it could have been stopped or its speed slackened to avoid the accident.

The denial of the motion is said to be error. Testimony in plaintiff's behalf was that at the time she was put in the place of danger as aforesaid the street car was "260 feet less its length away," "a block away," "about a block away."

. Plaintiff, as to what happened after the automobile stopped on the car tracks, testified:

"I saw the street car about a block away and at that time we were in a stationary position; but I cannot say for how long; I can't judge; I would not say that it was a minute. The car was a block away. I judge that to be the distance from looking down the street. I was in full view of the car all of the time and the automobile was in full view of the motorman. After we were stalled on the track it came all that distance and smashed right into our machine. I don't know how fast the car was going when it struck us. It was moving slowly; it was moving along, I don't know how fast.

"Q. About as fast as a person would walk?

"A. I don't know, it was just moving, I don't know how fast or how slow.

"Q. You said it was moving slowly?

"A. Yes, I said that.

"Q. What do you mean by slowly?

"A. Street cars generally go pretty fast.

"Q. This one was going very slow?

"A. It was going slow; yes."

Another witness testified:

"The street car was coming fast. It was running at a speed street cars generally run. It didn't stop up at all before it struck us. It came right on towards us at the same speed all of the time on that

track for a minute or more. It kept coming down Brush and smashed right into us. It had not come to a stop. I said it had plenty of time to stop. He kept coming down as fast as cars usually run with us in full view and ran right into the side of our machine."   *   *   *

There was testimony that the motorman had seen the collision between the motor vehicles and of a considerable interval of time, "two or three minutes," "one-half minute," "about a minute," between the stalling of the automobile and its being struck by the street car which was an open car.

For the purpose of the motion the evidence adduced by plaintiff must be viewed in the light most favorable to her, and when so viewed it appears that an issue of fact as to defendant's negligence was presented.

Regardless of the testimony as to speed and the testimony of the witness received without objection that the motorman had plenty of time to stop, and the facts as claimed on behalf of plaintiff, counsel for defendant insist that the jury was permitted to assume that in operating the car with reasonable prudence and care it could have been stopped or its speed slackened sufficiently in time to avoid injury to plaintiff, and that the car could have been so stopped or its speed so slackened was treated as a matter of common knowledge, citing *Kotila* v. *Railway Co.*, 134 Mich. 314. A reading of that case will show that the facts differ from those of the case at bar. Whether the jury may assume or determine as a matter of common knowledge that a street car operating on a city street in the exercise of prudence and reasonable care may be stopped or its speed sufficiently slackened in time to avoid injury to one situated as was plaintiff, within the distance of a city block, within 260 feet, is a question which, if it required discussion, need not be here considered.

2. Complaint is made that the court in the charge

gave undue emphasis to plaintiff's claim and theory in the case and failed to instruct as to the theory of the defense. The testimony of defendant's witnesses tended to show that the automobile in which plaintiff was riding came upon the car tracks so closely in front of the car that the accident was unavoidable and there was also testimony that the automobile ran into the street car after the motorman had brought it to a full stop or as it was being stopped. The motorman testified that along the block in question the speed of the street car was 8 miles per hour at which speed with power off it could be stopped in about 10 feet. Defendant's claim, which its testimony supports, was that it was free from negligence and that the accident was due to the negligence of the driver of the automobile.

The court stated to the jury the claims of the parties and said:

"The only question of negligence claimed by the plaintiff is the fact that after the car in which she was riding was placed in a perilous position that the motorman then had ample time in which to stop the car, and that he negligently failed to do so, and therefore, if you find for the plaintiff, you must find these facts to be true, and I will say to you, gentlemen of the jury, that the mere happening of an accident which has been detailed by the witnesses in this case does not raise any presumption of negligence, and it is upon the plaintiff to show by a preponderance of the evidence, that the defendant, through its agents and employees and representatives, was guilty of negligence in the manner detailed by her, and I will charge you, gentlemen of the jury, that if you find that the automobile and street car collided at a time when the automobile was still moving, or that the automobile while moving ran into the street car, then there can be no recovery in this case, because of the fact that the plaintiff plants her case upon the theory that the automobile had come to a dead standstill and was in that position for several minutes, as detailed

by her witnesses, and if you find the fact to be that the automobile was not in that position for a sufficient length of time prior to the accident to enable the motorman to stop the car, then in that event there can be no recovery."

We find no error in the charge which as a whole fairly submitted the issues to the jury.

3. Defendant offered in evidence a written list of witnesses made by the conductor of the car at the time of the accident with testimony of its inability to produce certain of the witnesses which was refused. Plainly the purpose of the offer was to create the impression that the testimony of these persons, if produced, would be favorable to defendant. The refusal was not error.

The other assignments of error have been considered, and, no reversible error appearing, the judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.