(103 So. 719)

**ALKAHEST LYCEUM SYSTEM v. DAUPHIN WAY BAPTIST CHURCH.**
(1 Div. 570.)

(Court of Appeals of Alabama.   April 14, 1925.)

1. **Principal and agent ⏪129—Principal can contract in agent's name, whether disclosed or not.**

A principal can contract in agent's name, whether principal is disclosed or not to other party.

2. **Principal and agent ⏪117(3)—Authority to execute sealed instrument must be conferred by instrument under seal.**

The authority to execute a sealed instrument must be conferred by an instrument under seal.

3. **Principal and agent ⏪117(3)—Contract executed under seal, by agent authorized to execute only a simple contract, binding if seal unnecessary, but not as sealed instrument.**

Where an agent authorized to execute a simple contract unnecessarily attaches a seal, seal may be treated as surplusage, and validity of contract will not be affected, but principal will not be bound by such an instrument as a sealed instrument.

4. **Pleading ⏪34(4)—Complaint, not alleging that agent properly authorized to execute contract under seal, construed as showing agent without authority.**

Where defendant is sought to be made liable under alleged sealed contract of its agent, but complaint does not allege that agent was authorized by writing under seal to execute such contract, complaint construed most strongly against pleader will be construed as showing that agent was not so authorized.

5. **Limitation of actions ⏪24(2)—Principal, sued on contract under seal executed by agent without authority, may set up statute applicable to simple contracts.**

Where suit is brought against principal on a sealed instrument, executed by agent without authority, principal is liable only as on a simple contract, and may invoke protection of statute of limitations as applicable to simple contracts.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by the Alkahest Lyceum System against the Dauphin Way Baptist Church. Following adverse rulings on pleading, plaintiff takes a nonsuit and appeals. Affirmed.

D. B. Cobbs, of Mobile, for appellant.

An allegation that the principal's name is in or on the contract was not necessary. Code 1923, § 7662; Ala. C. M. Co. v. Brainard, 35 Ala. 480. The instrument sued on purports to be sealed and is a sealed instrument. Code 1923, § 8943; Cobb v. Garner, 105 Ala. 470, 17 So. 47, 53 Am. St. Rep. 136. A principal may contract in an agent's name, whether the principal be disclosed or not. Powell v. Wade, 109 Ala. 97, 19 So. 500, 55 Am. St. Rep. 915; Ford v. Williams, 21 How. 287, 16 L. Ed. 36; Bishop on Contr. § 1080; Mechem on Agency, § 769; Wimberly v. Dallas, 52 Ala. 197.

Hogan & Mitchell, of Mobile, for appellee.

Authority to execute a sealed instrument must be conferred by an instrument of the same solemnity. Cocke v. Campbell, 13 Ala. 286; Carter v. Doe ex dem., 21 Ala. 72; Roney's Adm'r v. Winter, 37 Ala. 277; Jones v. Morris, 61 Ala. 518; Hall v. Cockrell, 28 Ala. 507; Camden v. Fairbanks-Morse, 204 Ala. 120, 86 So. 8; Peterson v. N. Y., 194 N. Y. 437, 87 N. E. 772; 1 Williston on Contr. § 296; 2 C. J. 457. Where the agent attaches a seal without authority, there is no liability upon the principal as for a sealed instrument. Cocke v. Campbell, supra; Warring v. Williams, 8 Pick. 326; Calhoon v. Buhre, 75 N. J. Law, 439, 67 A. 1068; 2 C. J. 458. The statute of limitations of six years applies to this contract. Code 1923, § 8944 (4).

RICE, J.   This was a suit by plaintiff, named (appellant), against defendant, named (appellee), based upon a contract purporting to be executed under seal. A copy of the contract is set out as an exhibit, and is expressly made a part of each of the two counts of the complaint. This contract shows on its face that it is the contract of the plaintiff and one Guy R. Hurlbutt. The name of the defendant (appellee) nowhere appears in said contract, either expressly or by reference or implication.

Each count of the complaint alleges that the contract was executed by appellee church corporation by said Guy R. Hurlbutt and in the latter's name, and avers his agency for the church. The allegation is, in one count, that it "was executed by the defendant in the name of, and by, its pastor and agent, Guy R. Hurlbutt"; and in the other that the contract "was entered into by the defendant on, to wit, the 5th day of November, 1915, by and in the name of its pastor and agent, Guy R. Hurlbutt."

The defendant filed, among other pleas, the plea of the statute of limitations of six years. Because of the action of the trial court in overruling its demurrers to this plea, plaintiff, as was its right, took a nonsuit, with bill of exceptions, and prosecutes this appeal. There were other rulings adverse to plaintiff,

---

⏪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the pleadings, as well as rulings adverse to defendant, and defendant has made a number of cross-assignments of error, and argued them; but, in the view we take of the case, a disposition of the single error assigned and argued by appellant will render unnecessary any discussion of the said cross-assignments.

In appellant's own language, the single question raised and submitted by it on this appeal is: Was there error in the action of the trial court in overruling plaintiff's (appellant's) demurrers to defendant's (appellee's) plea of the statute of limitations of six years to each count of the complaint?

This resolves itself into the question of whether or not the contract made the basis of the suit was, as against the appellee, a contract under seal, or a simple contract, since, if the former, the plea was defective as pointed out by the demurrers, and, if the latter, the plea was good, and the action of the trial court in overruling the demurrers thereto free from error. Code 1907, §§ 4834 and 4835.

[1] It is not seriously questioned that the principal can contract in the agent's name, whether the principal is disclosed or not to the other party. Powell v. Wade, 109 Ala. 95, 19 So. 500, 55 Am. St. Rep. 915.

[2] But it seems equally as well settled that authority to execute a sealed instrument must be conferred by an instrument of equal solemnity; that is, by an instrument under seal. 2 C. J. p. 457, § 61.

[3] In most jurisdictions, and ours among the number, it is held that where an agent, authorized to execute a simple contract only, unnecessarily attaches a seal to the instrument executed by him, and which would be good as a simple contract, the seal may be treated as surplusage, and the validity of the contract be in no way affected by it, although his authority was not under seal, but was conferred merely by parol; but the principal will not be bound by such an instrument as a sealed instrument. 2 C. J. p. 458, § 63; Cocke v. Campbell, 13 Ala. 286; Warring v. Williams, 8 Pick. (Mass.) 326; Calhoon v. Buhre, 75 N. J. Law, 439, 441, 67 A. 1068; Royal Indemnity Co. v. Danziger, 101 Misc. Rep. 505, 167 N. Y. S. 379.

[4] In the instant case it appears from the complaint that the contract made the basis of the suit is the alleged sealed contract of Guy R. Hurlbutt. It is not alleged in the complaint that the agent was authorized by a writing under seal to execute the contract sued upon for and on behalf of the appellee. Under the general rule, the pleadings will be construed most strongly against the pleader, and each count of the complaint will be construed as showing that the agent was not authorized by writing under seal to execute the said contract.

In the case of Cocke v. Campbell & Smith, 13 Ala. 286, it appeared that an agent of the defendant was authorized by parol to sell a slave. The agent executed the bill of sale in the name of the principal, and affixed a seal thereto and made a deed. The Supreme Court held that—

"The vendor is not bound by the deed, yet it is a contract. It can only be a simple contract, or a contract by parol."

[5] It is clear, therefore, that where a suit is brought, as here, against a principal upon an instrument sealed, without authority, by an agent, the principal is liable only as upon a simple contract, and it follows that the principal may invoke the protection of the statute of limitations as applicable to such contracts.

Accordingly, we hold that the action of the trial court in overruling plaintiff's demurrers to defendant's plea of the statute of limitations of six years was free from error, and the judgment appealed from will be affirmed.

Affirmed.