TAYLOR *v.* HANNON-COLVIN POST 180 OF
AMERICAN LEGION.

APPEAL *re* MURPHY.

1. APPEAL AND ERROR—OBJECTIONS—SAVING QUESTIONS FOR REVIEW.
   Court rules provide that an appellant cannot assign error as to
   any action of the trial court unless he has made a timely
   objection so that the court has had a chance to correct any
   alleged error before the jury retires to deliberate (GCR 1963,
   516.2).

2. SAME—INSTRUCTIONS—DEATH—OBJECTIONS.
   Failure of trial court to indicate to appellant what action it
   would take with regard to appellant's written requests to
   charge in action under the wrongful death act *held,* not
   reversible error, where appellant made no timely objection
   (CLS 1961, § 600.2922; GCR 1963, 516.1, 516.2).

3. TRIAL—COURT RULE—REQUESTS TO CHARGE—ACTION OF COURT.
   The court rule requires a trial judge to inform a party as to
   what action it will take with regard to that party's written
   requests to charge (GCR 1963, 516.1).

4. APPEAL AND ERROR—REQUESTS TO CHARGE—OBJECTIONS.
   Failure of trial court to inform a party as to what action will be
   taken on that party's proposed request to charge as required

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2, 4–7] 4 Am Jur 2d, Appeal and Error § 533 *et seq.*
[3] 53 Am Jur, Trial § 524 *et seq.*
[8, 13] 22 Am Jur 2d, Death § 265 *et seq.*
[9] 53 Am Jur, Trial § 550.
[10] 5 Am Jur 2d, Appeal and Error § 810 *et seq.*
[11] 53 Am Jur, Trial § 597.
[12] 5 Am Jur 2d, Appeal and Error § 894.
[14] 53 Am Jur, Trial § 441 *et seq.*
[15] 20 Am Jur, Evidence § 755.
[16, 17] 53 Am Jur, Trial §§ 80, 88.
[18, 19] 53 Am Jur, Trial §§ 510, 566–568.

by court rule does not excuse that party from his duty of making timely objection (GCR 1963, 516.1, 516.2).

5. Same—Requests to Charge—Objections.

Failure of trial court to inform plaintiff as to what action would be taken on her proposed requests to charge *held*, not reversible error, where plaintiff had adequate opportunity to object, and failed to do so (GCR 1963, 516.1, 516.2).

6. Same—Request to Charge—Objections.

Failure of trial court to inform plaintiff as to what action would be taken on her proposed requests to charge, as required by court rule, would not be reversible error, even if timely objection were made, where the instructions as given cover the issues in appropriate language (GCR 1963, 516.1, 516.2).

7. Trial—Instructions—Request to Charge—Theory of Case.

A party is not entitled to have his proposed requests to charge given in the exact form requested, and it is enough if the court covers the subject concerned in the requests in appropriate language, although the jury is entitled to have before it during its consideration of the case both plaintiff's and defendant's theories, where there is evidence to support them and the law applicable thereto (GCR 1963, 516.1, 516.2).

8. Same—Appeal and Error—Instructions—Death.

Instructions given to the jury in action for wrongful death of plaintiff's decedent who was run over by defendant *held*, adequate to cover each item of plaintiff's theory and request (CLS 1961, § 600.2922).

9. Same—Instructions—Hypothetical Illustration—Warning.

The use by a trial judge of a hypothetical illustration in charging a jury may be questionable but it is objectionable only if it tends to mislead the jury, and if misleading, may be rendered innocuous by a proper warning to the jury.

10. Appeal and Error — Instructions — Hypothetical Illustration.

Plaintiff's contention that the trial judge erred in making use of a hypothetical illustration in charging the jury *held*, not well taken, where court stated to the jury that its hypothetical illustration was "completely unrelated" and "farfetched," and after completing the illustration the court applied it to the facts in issue, it not appearing that the jury was misled.

11. TRIAL—INSTRUCTION—INFERENCES.
    A judge may not instruct the jury as to what inferences it should draw from the facts before it.

12. APPEAL AND ERROR—INSTRUCTIONS—AMBIGUITY.
    The Court of Appeals in reviewing instructions complained of considers the charge as a whole, and if a possible ambiguity is clarified by other portions of the charge there is no error.

13. DEATH—INSTRUCTIONS—NEGLIGENCE.
    Instructions in action under wrongful death act, which attempted to see that the jury did not apply an excessively rigid standard of care *held*, proper, where charge is considered as a whole, especially where charge relative to defendant motorist's duty of care was followed by presentation of standard of care of a reasonable man under all of the circumstances of the case (CLS 1961, § 600.2922).

14. SAME—VIEW THROUGH REAR WINDOW OF CAR—ATMOSPHERE.
    Refusal of trial court in action for wrongful death to allow a daytime test of defendant's view through the rear window of his automobile after trial was under way in action for death due to backing car over plaintiff's decedent in parking area at 1 a.m. on a misty, rainy night *held*, not error (CLS 1961, § 600.2922).

15. EVIDENCE—EXPERIMENTS—DISCRETION OF COURT—SIMILAR CONDITIONS.
    Admission of the result of experiments is within the discretion of the trial court, and that discretion is not abused when the court rejects evidence of tests taken under conditions not similar to those obtaining with respect to the litigated happening.

16. TRIAL—REMARKS OF TRIAL JUDGE—PRESENCE OF JURY—DISPARAGEMENT OF COUNSEL.
    Remarks of a trial court in presence of the jury are grounds for reversal when they are of a nature calculated to disparage and prejudice counsel and his clients before the jury.

17. APPEAL AND ERROR—REMARKS OF TRIAL JUDGE—CRITICISM OF COUNSEL.
    Remarks of trial judge in presence of jury upon denial of plaintiff's motion for a test of defendant's ability to see through rear window of his automobile *held*, not to amount to criticism of counsel for plaintiff, but simply to be explanation of the reasons for denying the request.

18. TRIAL—INSTRUCTIONS—THEORY OF ONE PARTY.
   A trial judge in his charge to the jury should not unduly emphasize the theory of one or the other of the parties.

19. APPEAL AND ERROR—INSTRUCTIONS—THEORY OF CASE.
   Plaintiff's contention that in charging the jury, the trial judge gave undue prominence to defendant's theory of the case *held*, not supported by the record, where the charge given fairly submitted the issues to the jury.

Appeal from Lenawee; Martin (Rex B.), J. Submitted Division 2 December 5, 1967, at Lansing. (Docket No. 1,681.) Decided March 28, 1967.

Complaint by Shirley M. Taylor, administratrix of estate of Edward M. Taylor deceased, against Hannon-Colvin Post 180 of the American Legion, Duane Mark Murphy and Wolverine Insurance Company, a Michigan corporation, for damages resulting from death of her decedent Edward M. Taylor when he was run over by an automobile driven by defendant Murphy in the parking lot of defendant Legion Post. The complaint contained 4 counts based on civil liability under the dramshop act, common law negligence and the death act. Defendants Hannon-Colvin Post 180 of the American Legion and the Wolverine Insurance Company were dismissed on stipulation of counsel prior to trial. Verdict and judgment for defendant Murphy. New trial denied. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly* (*Philip C. Kelly* of counsel), for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl* (*Konrad D. Kohl,* of counsel), for defendant Murphy.

T. G. KAVANAGH, P. J. This is an action for damages brought under the Michigan wrongful death act,

CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A-
.2922). Plaintiff's decedent, Edward M. Taylor,
driving from Chicago to his home in Jackson, Michi-
gan, stopped at the American Legion Post at Hud-
son, Michigan at about midnight. He appeared to be
sober, but did not look well and said he was not feel-
ing well. He had been afflicted with periods of faint-
ness over a period of several months and had recent-
ly submitted to a surgical operation. He had one
drink and part of a second drink and then left.

Defendant Murphy had entered the bar at about 10
p.m. the same evening, drank several bottles of beer
and left about 1 a.m., approximately 15 minutes after
plaintiff's decedent. Defendant's car was parked
in front of the door to the bar. Decedent's car was
parked next to defendant's on the right side (passen-
ger side) of defendant's car. As he left the bar de-
fendant approached the two cars from the front.
He testified that he did not look through the opening
to the parking area behind them, but that he did
look down the left side of his car before entering it,
and saw nothing. He further testified that upon
entering his car he looked through the rear view
mirror but saw nothing because it was a misty night.
It had been raining and his rear window was ob-
scured with rain and mist. Defendant did not at-
tempt to clean off the rear window.

Defendant started his car and in backing up, he
rolled over decedent's body which had been lying
on the ground behind the car, thereby causing his
death.

The cause was tried to a jury which returned a
verdict of no cause of action. Plaintiff has appealed
to this court alleging that the trial judge erred in
giving his instruction to the jury and in refusing
to grant plaintiff's request for instructions, and fur-
ther alleging that the trial judge committed error

in refusing to allow defendant to make a test of his view to the rear of his car.

Appellant assigns error to the refusal of the trial judge to give requested instructions relating to subsequent negligence, or last clear chance, and relating to defendant's duty of care.

With one exception having no significance here, appellant made no objection before the trial court to the court's refusal to give requested instructions, to its charges as given, or to any ruling of the court. Nor does she claim that she was denied opportunity to object. The Michigan court rules are explicit that on appeal a party cannot assign error to any action of the trial court unless he has made a timely objection, so that the court has had a chance to correct any alleged error before the jury retires to deliberate. GCR 1963, 516.2. See *Snyder* v. *New York Central Transport Co.* (1966), 4 Mich App 38.

It appears that the trial court did not indicate to appellant what action it would take with regard to the written requests, in accordance with GCR 1963, 516.1. However, the failure of the trial court to observe that rule does not excuse the parties from their duty of timely objection. The only exception to this general rule is where the trial court refused to grant the opportunity to object. *Herndon* v. *Woodmen of the World Life Insurance Society* (1965), 1 Mich App 141. But here appellant had adequate opportunity to object.

Even had timely objection been made we find no prejudicial error. "The jury was entitled to have before it during its consideration of the case both plaintiff's and defendant's theories (where, as here, there was evidence to support them) and the law applicable thereto." *Gapske* v. *Hatch* (1957), 347 Mich 648, 658. But a party is not entitled to a charge in the exact form requested. It is enough if the court covers the subjects concerned in the requests in

appropriate language. *Knickerbocker* v. *Samson* (1961), 364 Mich 439. The charges given by the court in this case, in our view, adequately covered each item of appellant's theory and request.

The use of hypothetical illustration in charging the jury may be questionable but it is objectionable only if it tends to mislead the jury. It is rendered innocuous by a proper warning to the jury. *Beecher* v. *Venn* (1877), 35 Mich 466. In this instance, the trial court stated that its hypothetical illustration was "completely unrelated" and "farfetched." At the conclusion of the illustration, the court applied it to the facts in issue. We find no reason to conclude the jury was misled.

Appellant complains of the following language in the court's charge:

"Now, a reasonable man coming out of the Legion at 1 a.m. doesn't have to expect or assume someone would be lying on the ground in the parking lot to the rear of the car or that someone will fall behind his car before or as he backs out."

This, she says, constitutes an invasion by the judge of the province of the jury. However, the court continued:

"The question here basically is whether a reasonable man using ordinary care would have observed Mr. Taylor's position under all the circumstances of this particular case at that time of the night and this particular place in time to have avoided running over him."

It is elementary that the judge may not instruct the jury what inferences of fact to draw. But in reviewing instructions we consider the charge as a whole, and if a possible ambiguity is clarified by other portions of the charge there is no error. See *Elliott* v. *A. J. Smith Contracting Company, Inc.*

(1960), 358 Mich 398; *Hayes* v. *Coleman* (1953), 338 Mich 371. In viewing the charge as a whole, we find that the court properly instructed the jury regarding defendant's duty of care. The charge complained of was an attempt to see that the jury did not apply an excessively rigid standard of care and taken altogether with the succeeding sentence was correct.

We find no error in the refusal of the trial judge to allow a test of defendant's view through the rear window of his automobile. Admission of results of experiments is within the discretion of the trial court, and that discretion is not abused when the court rejects evidence of tests taken under conditions which were not similar to those obtaining with respect to the litigated happening. See *People* v. *Auerbach* (1913), 176 Mich 23 (Ann Cas 1915B, 557); *National Cash Register Company* v. *Blumenthal* (1891), 85 Mich 464. In this case appellant wanted to make the test in the afternoon, although the accident had occurred at 1 a.m. on a rainy, misty night. The court was not obliged to delay the trial until a change in the weather occurred, especially since appellant had ample opportunity to request a test during pretrial. The remarks of the judge in denying the test did not amount to criticism of counsel for appellant, as alleged, but were simply explanation of the reasons for denying the request. Remarks of the court are grounds for reversal when they are "of a nature calculated to disparage and prejudice him [counsel] and his clients before the jury." *In re Parkside Housing Project* (1939), 290 Mich 582, 596.

Appellant complains that in charging the jury, the court gave undue prominence to defendant's theory of the case. We recognize that the trial judge must not emphasize the theory of one or the other of the parties. *Snyder* v. *United Benefit Insurance Co.* (1963), 371 Mich 36. But the test to be applied

is that the charge should fairly submit the issues to the jury, *Niman* v. *Detroit United Railway* (1921), 214 Mich 456, which test was clearly met here.

We find no reversible error and accordingly the judgment is affirmed, with costs to appellee.

J. H. GILLIS and McGREGOR, JJ., concurred.