HECKEL v. AMERICAN COUPLING CORPORATION

1. Negligence—Breach of Implied Warranty—Trial—Charge to Jury.

   Trial court's charge to jury which repeated the words "preponderance of the evidence" 11 times in speaking of plaintiff's burden of proof *held*, not reversible error when the instructions taken as a whole were fair and impartial.

2. Negligence—Breach of Implied Warranty—Trial—Instructions to Jury.

   The fact that the trial court during its charge to the jury in an action for negligence and breach of implied warranty stated that plaintiff must prove his case by a *"fair* preponderance of the evidence" did not unfairly imply that more than a preponderance of the evidence was required.

3. Appeal and Error—Instructions to Jury—Preserving Objection.

   Improper instructions to the jury will not be considered on appeal unless they were objected to before the jury retired to consider its verdict, and the matter objected to was stated specifically (GCR 1963, 516.2).

Appeal from Wayne, Horace W. Gilmore, J.   Submitted Division 1 April 10, 1969, at Detroit.   (Docket No. 3,534.)   Decided April 21, 1969.   Rehearing denied May 23, 1969.   Leave to appeal granted July 24, 1969.   See 382 Mich 771.

References for Points in Headnotes
[1] 53 Am Jur Trials § 540.
[2] 53 Am Jur Trials § 676.
[3] 5 Am Jur 2d, Appeal and Error § 545.

Complaint by Milton E. Heckel and Susie Heckel against American Coupling Corporation for damages resulting from injuries to Milton Heckel as a result of an explosion caused by a defective coupling manufactured by defendant. Insurance Company of North America, a foreign corporation, intervened as a party plaintiff. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Dann, Rosenbaum, Bloom & Kaufman* (*John Safran,* of counsel), for plaintiffs.

*Robert E. Fox,* for defendant.

BEFORE: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiff was injured by explosion of an oxygen hose while delivering high pressure oxygen gas for his employer. He claims that the explosion was the result of a defective hose and coupling manufactured by defendant and sold to his employer. The complaint alleged separate counts of negligence and breach of implied warranty. His wife sued for loss of consortium.

The case was tried to a jury which returned a verdict of no cause of action. On appeal, 8 errors in the trial court's instruction are alleged to be reversible. We have examined the instructions as a whole (*Taylor* v. *American Legion Post 180* [1967], 6 Mich App 398) and find only 2 to merit discussion, and those not warranting reversal.

Plaintiff contends that it was error on the part of the trial court to repeat the words "preponderance of the evidence" 11 times in speaking of plaintiff's burden of proof,

Plaintiff cites *Bowmaster* v. *William II. DePree Co.* (1930), 252 Mich 505, 515. In that case, the court did mention that charging the jury 17 times that the burden was upon the plaintiff to prove freedom from contributory negligence was "wholly unnecessary". This, however, was dictum. The trial court was reversed because the entire charge of the court was argumentative and prejudicial and because the court refused plaintiff's requested charge.

In *Buchel* v. *Williams* (1935), 273 Mich 132, cited by plaintiff, the court held that nine-fold repetition to the jury that the burden of proof was upon plaintiff was argumentative and prejudicial, especially in view of the absence of any eyewitnesses other than defendants. *Buchel* is distinguishable from the case at bar since the decision hinged greatly on the absence of any eyewitnesses other than defendants.

In *Mack* v. *Precast Industries, Inc.,* (1963), 369 Mich 439, relied upon by plaintiff, the trial court on 16 occasions instructed the jury that plaintiff would be precluded from recovery if her decedent were guilty of contributory negligence *however slight.* In reversing, the Supreme Court held that modifying negligence by the words "however slight" imposed a high or extraordinary degree of common-law care and constituted reversible error. It was the repeated application of "however slight" which constituted the error.

The repeated usage of the words "preponderance of the evidence" occurred mainly in the court's definition of the phrase. The instruction taken as a whole was fair and impartial and the repetition of the words "preponderance of the evidence" does not constitute reversible error.

Plaintiff also contends that adding the word "fair" to the phrase "preponderance of the evidence" on 4 occasions implied that more than a preponderance

was required.   The record reveals that the court properly defined the phrase "preponderance of the evidence."   The added language such as "justness" and "fair" did not change the standard.   The trial court took great pains to insure that the jury received the proper standards of law to be applied to the case.   As stated by this Court in *Taylor* v. *American Legion Post 180, supra:*

"In reviewing instructions we consider the charge as a whole, and if a possible ambiguity is clarified by other portions of the charge there is no error."

Applying this standard, there is no basis for reversal.   Also, plaintiff failed to make timely objection as is required under GCR 1963, 516.2:

"Objections.   No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection.   Opportunity shall be given to make the objection out of the hearing of the jury."

Other instructions alleged to be erroneous have been considered and deemed not to be so.

Affirmed.   Costs to appellees.