ANDERSON *v.* LYNCH.

1. NEGLIGENCE—MOTOR VEHICLES—EVIDENCE—WITNESSES.

   In an action for the negligent killing of plaintiff's decedent, caused by a collision between decedent's automobile and defendant's bus, where the cars were still there and the tracks of the wheels on the pavement visible and traceable when a witness who heard the crash arrived, it was not error to permit him to testify as to where the track marks of the respective vehicles were with reference to the center of the pavement.[1]

2. APPEAL AND ERROR—TRIAL—EVIDENCE.

   Although the trial court might well have admitted an answer to the question as to whether witness was more interested in deceased's condition or in looking at tracks in the road, it was not reversible error to exclude it.[2]

3. SAME.

   Where a witness, some time before the trial, had made and signed a statement, and on the trial his testimony

[1]Motor Vehicles, 28 Cyc. p. 47 (Anno); [2]Appeal and Error, 4 C. J. § 2986.

was in conflict therewith, there was no error in sustaining an objection to a question, asked him on cross-examination, as to whether it was vivid in his mind, what occurred at the time the statement was made, although the answer might well have been admitted.[3]

4. SAME—APPELLANT MAY NOT COMPLAIN OF GREATER BURDEN IMPOSED ON APPELLEE.

Although the trial court was technically wrong in instructing the jury that the burden was upon the plaintiff to satisfy them by a "fair preponderance" of the evidence, because there is, in law, no degree of preponderance, defendants may not complain thereof, it having imposed a greater burden upon plaintiff than the law requires.[4]

5. TRIAL—INSTRUCTIONS AS TO PRESUMPTION OF NEGLIGENCE.

An instruction as to presumption of negligence if defendant's driver failed, at the time of the collision, to keep his bus to the right of the center of the highway, when considered in connection with subsequent instructions, *held*, not open to the objection that the jury were left to plant the verdict upon the presumption to the ignoring of the disclosed circumstances.[5]

6. SAME—INSTRUCTIONS AS TO SUDDEN PERIL JUSTIFIED.

Testimony that the right wheels of decedent's car were off the pavement and on the sod, and that to give much more of the road would have placed him in the ditch, *held*, to justify instructing the jury that a party "suddenly in peril is not required to do that which after the period is ended it is seen he might have done and escaped," and that if deceased "was driving his car in a proper, prudent, and careful manner and suddenly found himself confronted with a choice of making a collision or going into the ditch, he was not guilty of contributory negligence by reason of the fact that he did not turn his car into the ditch to avoid the collision."[6]

7. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — MOTOR VEHICLES — RATE OF SPEED—QUESTION FOR JURY.

The speed at which deceased was driving and the progress of his car before and after the collision made the question of his exercise of care or of want thereof a question of fact for the jury.[7]

---

[3]Appeal and Error, 4 C. J. § 2986; [4]Id., 4 C. J. § 2890; [5]Motor Vehicles, 28 Cyc. p. 49; Trial, 38 Cyc. pp. 1778, 1779; [6]Id., 28 Cyc. p. 49; [7]Id., 28 Cyc. pp. 48, 49.

8. TRIAL—INSTRUCTIONS.
   Defendant's requests to charge, having merit, *held*, sufficiently covered in the instructions to the jury.[3]

9. APPEAL AND ERROR — ASSIGNMENTS OF ERROR — SAVING QUESTIONS FOR REVIEW.
   The Supreme Court may not consider questions, in the absence of assignment of error or request to charge thereon.    Circuit Court Rule No. 66.[9]

Error to Van Buren; Warner (Glenn E.), J.    Submitted June 4, 1925.    (Docket No. 41.)    Decided October 1, 1925.

Case by David Anderson, administrator of the estate of Arthur N. Sirrine, deceased, against James Lynch and another for the negligent killing of plaintiff's decedent.    Judgment for plaintiff.    Defendants bring error.    Affirmed.

*Thomas J. Cavanaugh* (*A. J. Farrell*, of counsel), for appellants.

*Earl L. Burhans* and *David Anderson*, for appellee.

WIEST, J.    About 1 o'clock the afternoon of December 30, 1922, defendant Lynch, in the employ of the defendant Reo Motor Car Company of Illinois, was driving an empty passenger bus south over a paved highway in the country and Arthur N. Sirrine was driving a Ford touring car north over the same highway.    There was a collision between the bus and auto, and Mr. Sirrine received injuries causing his death within a few hours.    This suit was brought to recover damages under the claim that the collision was caused by the negligence of the driver of the bus in crowding the road.    The paved part of the road was 17 feet wide, with a gravel shoulder about a foot and then sod slightly higher and for about 3 feet to

[3]Motor Vehicles, 28 Cyc., p. 49; Trial, 38 Cyc. p. 1711; [9]Appeal and Error, 3 C. J. §§ 756, 1471.

a descent into a ditch.    The bus, over all, was 7 feet wide, and it was alleged, and the jury evidently so found, that the bus driver was proceeding with the left wheels of the bus a foot over the center line of the pavement, and with the overhang of the bus still further over and this led to the collision, even though Mr. Sirrine was driving with two wheels of his auto a foot or more off the pavement.    Plaintiff recovered a judgment of $4,000, and the case is here by writ of error, and we are asked to reverse for errors claimed in rulings and in instructions to the jury.

A witness for the plaintiff, living near the place of accident, heard the crash of the cars coming together and immediately went to the scene of the accident and stated that he could see the tracks of the Ford car and the tracks of the bus and,

"We could trace the marks of the bus wheels from where it stopped back of the place of the accident. We could see them.    And the bus was about—his left wheels were from a foot to a foot and a half over the center of the road that would bring them on the east side of the center—and those other tracks, at the point of the accident they was out on the east side of the road, the right side was on the grass line."

It is claimed:

"It was not for the witness to say that a certain track was a Ford track and that a certain other track was a bus track.    When these witnesses went out to observe the road and observe the tracks cars had been coming and going and it was for the witness to describe the tracks, describe the marks made and then describe the kind of tires that were on the Ford car and the tires that were on the bus, from which the jury might make their own observations and reach their own conclusions."

We find no merit in this.    With the cars there and the marks on the pavement visible and traceable, we

think the witness might well say he could see the tracks of the Ford car and the tracks of the bus.

This witness was asked:

"Right at that time when you didn't know whether he (Mr. Sirrine) was dead or alive and you had to wait for Mr. Lynch to start getting him into the house, were you more interested in his condition or in looking at some tracks on the road?"

and an objection thereto sustained.   The court might well have admitted an answer, but exclusion thereof does not constitute reversible error.

A witness some time before the trial made and signed a statement, and, during the course of his cross-examination at the trial, he was asked about the statement, and then this question was put to him:

"And it was vivid in your mind at that time what occurred, was it not?"

An objection to the question was sustained.

It is said:

"His testimony as given at the trial was seriously in conflict with his statement given much earlier and counsel was endeavoring to find out if in the mind of the witness the occurrences of the day of the accident were more vivid when he gave the statement than when he was giving his testimony."

Again we say the court might well have admitted the answer, but we find no reversible error in the ruling.

The court instructed the jury:

"The burden is upon the plaintiff to satisfy you by a fair preponderance of the evidence of these facts: 1. That the driver, James Lynch, was negligent in operating the bus at the time and place alleged in the declaration.  2. That the plaintiff's decedent, Arthur N. Sirrine, was free from contributory negligence."

It is claimed it is improper to use the words "fair

preponderance," because there is, in law, no degrees of preponderance; citing *Tyler* v. *Wright,* 188 Mich. 561. Technically, counsel is right, but defendants cannot assert prejudice because the court imposed upon plaintiff a greater burden than the law requires.

The court also instructed the jury that:

"It is the duty of the driver of every motor vehicle to keep his vehicle to the right of the center line of the highway when he is meeting or about to meet another vehicle approaching from the opposite direction."

Also,

"If you find that the defendant's motor bus was at the time of the accident being driven on the wrong side, or partly on the wrong side of the center of the highway, then the defendant Lynch was presumably guilty of negligence."

This was followed, however, by the instruction:

"The defendant, Lynch, had a right to drive his car upon any part of the highway provided he kept his car under such control that he could seasonably turn to the right side of the road when meeting another vehicle."

Also,

"The fact that one does not give the other the full half of the road to which he is entitled is not conclusive evidence of negligence, and even if negligent it still must be established by a preponderance of the evidence that this part failure was a proximate cause of the injury."

We do not think that the instruction left the jury to plant verdict upon the presumption to the ignoring of the disclosed circumstances. See, on the question of presumption arising from failure to keep to the right of the center of the road, *Winckowski* v. *Dodge,* 183 Mich. 303; *Black* v. *Parke, Davis & Co.,*

211 Mich. 274; *Corey* v. *Hartel*, 216 Mich. 675; *Russell* v. *Twiss*, 224 Mich. 532.

It is insisted there was no evidence justifying the following instruction:

"A party suddenly in peril is not required to do that which after the period is ended it is seen he might have done and escaped; the law makes allowances for lack of coolness in judgment incident to such peril. A person is not expected to exercise the coolness and forethought that an uninterested bystander might show; nor is he required to take the same precaution which it might appear afterwards might have avoided the injury.

"In this case, if you find that Arthur Sirrine was driving his car in a proper, prudent and careful manner and suddenly found himself confronted with a choice of risking a collision or going into a ditch he was not guilty of contributory negligence by reason of the fact that he did not turn his car into the ditch to avoid the collision."

The evidence relative to the tracks of the Ford car disclosed that Mr. Sirrine, at the time of the accident, was driving with the two right wheels off the pavement and on the sod, and to give much more of the road would have placed him in the ditch. The instruction complained of was sufficiently supported by the evidence.

The speed at which Mr. Sirrine was driving and the progress of his car, before and after the collision, made the question of his exercise of care or of want thereof a question of fact for the jury. Defendant's requests to charge, having merit, were sufficiently covered in the instructions to the jury.

In the brief counsel for defendant assert error in the following instruction to the jury:

"If you reach the question of damages, the plaintiff is entitled to recover, if entitled to recover at all, the same damages that Arthur Sirrine would have been entitled to had he brought the action in his lifetime."

They also point out the failure of the court to instruct the jury to award only the present worth of future damages, and omission to give the rule relative to the ascertainment thereof. We find no assignment of error or request to charge bringing such questions before us and, therefore, may not consider the same. Circuit Court Rule No. 66; *Morgan* v. *Railway Co.,* 138 Mich. 626 (70 L. R. A. 609); *Lamb* v. *Lamb,* 161 Mich. 80; *Webber* v. *Billings,* 184 Mich. 119.

We find no reversible error. The judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, and FELLOWS, JJ., concurred. MOORE, J., did not sit.