THOMSON *v.* BRANDT.

1. APPEAL AND ERROR—QUESTION FIRST RAISED ON REVIEW NOT
   CONSIDERED.

   Claimed error in judge's charge not objected to at trial, not
   made subject of motion for new trial, and not included in
   assignments of error, but first raised in appellant's brief,
   will not be considered by Supreme Court.

2. TRIAL—INSTRUCTIONS—DISCRETIONARY WITH JUDGE TO STATE EVI-
   DENTIARY FACTS.

   In action for personal injuries, where judge's charge was full
   and complete, and covered law applicable to facts of case, it
   was not necessary for him to state evidentiary facts relied
   on by either party, but it was wholly discretionary with him
   to do so or not.

3. SAME—REQUESTED INSTRUCTION PROPERLY REFUSED WHERE COV-
   ERED IN GENERAL CHARGE.

   In action for personal injuries caused by automobile collision,
   there was no error in refusing defendant's requested instruc-
   tion that if fact that three persons were riding in front seat
   created condition so that driver of plaintiff's car was unable
   to control it properly, the driver was guilty of negligence,
   and, if said negligence contributed to accident, then plaintiff
   could not recover, where judge correctly covered law applic-
   able to facts in his general charge, and question was not
   whether driver could control car as well, but whether he had
   it under control at time of accident.

Error to Allegan; Cross (Orien S.), J. Sub-
mitted October 22, 1929. (Docket No. 71, Calendar
No. 34,246.) Decided December 4, 1929.

Case by Effie Thomson against George Brandt for
personal injuries sustained in an automobile colli-
sion. From a verdict and judgment for plaintiff,
defendant brings error. Affirmed.

*I. C. Montague,* for plaintiff.

*Leo W.* and *Clare Hoffman,* for defendant.

BUTZEL, J. On September 4, 1925, plaintiff, Effie Thomson, her son Frank, and one of their friends were riding in a Maxwell coupé in a southerly direction on the westerly side of South Westnedge street, Kalamazoo, Michigan. The three parties were seated on the one and only seat running the entire width of the coupé, which was being driven by Frank Thomson.

South Westnedge, or Westnedge street, as it is called in the record, runs north and south. Wheaton avenue is a side street running into Westnedge from the west. Park Place is a side street running into Westnedge from the east. Wheaton avenue and Park Place do not form a continuous street across Westnedge street but are staggered. The northerly line of Park Place if extended across Westnedge would be 50 or 60 feet south of the southerly line of Wheaton avenue. A street car headed north had just halted, and was standing at the time of the accident on Westnedge, a short distance above the northerly line of Park Place, if extended, and a short distance south of the southerly line of Wheaton avenue, also if extended. Plaintiff's car was going south, at the rate of 18 or 20 miles an hour, when defendant suddenly drove his Ford truck from the east side of Westnedge street near Park Place, around the rear of the street car, and headed in a northerly, or in a northwesterly, direction to the westerly side of Westnedge street. The coupé in which plaintiff was riding collided with the truck, so that plaintiff was seriously injured.

While there was some confusion, owing to the form of questions, in the testimony of plaintiff's

driver, as to when he saw defendant's truck coming across the street, there is direct testimony on his part that he did not see it coming across Westnedge street until he was 10 feet north of the rear end of the street car. The evidence showed that defendant was guilty of negligence. He offered no explanation of the accident, and in a cross-declaration, which he evidently abandoned, he claims that he slowed down before crossing in back of the street car. He had ample time to stop and avoid the accident. Defendant put in no testimony whatsoever.

The jury were fully instructed to consider whether plaintiff's driver was guilty of contributory negligence, and further instructed that such negligence would be imputed to her. The jury rendered a verdict in plaintiff's favor.

Defendant's first claim of error is on account of a short statement of the judge in his charge. Even if it were prejudicial it would not be necessary for us to discuss it. There was no objection made to it at the trial, nor was there any motion for a new trial. It was not included in defendant's assignments of error. It was brought up for the first time in this court in defendant's brief. Under the rulings of this court it will not now be considered.

The second claim of error refers to an assignment of error to the effect that the trial judge in his charge should have given instructions hypothesized on testimony favorable to defendant and relating to the speed at which the driver of the coupé was going; as to when he could have stopped his car; and as to when he saw defendant's truck coming from behind the street car. There was some confusion in the testimony of plaintiff's driver as to when he saw defendant's truck coming from behind the street car to the west side of Westnedge street. This might be

due largely to the manner in which the questions were framed, there being ambiguity in some in that they did not clearly indicate whether the reference to the distance from the north of the car meant north of the front or the rear end of the car. However, the redirect-examination resulted in positive statements which would justify the verdict of the jury that plaintiff's driver was not guilty of contributory negligence. Any instructions hypothesized on certain testimony favorable to one party might have made it necessary to refer to other testimony favorable to the other party. The judge did not comment upon any particular testimony and it was not necessary for him to do so, provided he stated the law in his general charge. The jury heard and saw plaintiff's driver and also disinterested witnesses of the accident. There was nothing intricate about the testimony so that it would have been helpful for the judge to stress the claims of plaintiff or defendant.

The general charge of the trial judge was full and complete and covered the law applicable to the facts set forth in defendant's request, and it was not necessary for the judge to state the evidentiary facts relied upon by either party. In eight different portions of his charge he emphasized the fact that plaintiff could not recover if there was any contributory negligence on the part of the driver of the machine in which plaintiff was riding. The judge further states that defendant claimed that the driver of car in which plaintiff rode was guilty of contributory negligence. In addition to this, he stated that the plaintiff must show by preponderance of evidence that the driver of the car in which she was riding was free from contributory negligence. If the general charge gives the law applicable to the case, it is

wholly discretionary on the part of the trial judge to recite the facts favorable to either side. This can be covered by the argument of counsel.

The third claim of error claimed by the defendant was the refusal of the judge to charge the jury as requested, as follows:

"The testimony in this case shows that three persons were riding in the front seat of the car, and, if the fact that three were riding in the front seat of the car created a condition so that the driver of the car in which plaintiff was riding was unable to handle or control his car properly, then the driver was guilty of negligence, and, if that negligence contributed to the accident or was one of the causes of the accident, then the plaintiff would not be entitled to recover."

Plaintiff's driver had testified as follows:

"I cannot drive exactly as well with three in the front seat as I can with two. I know that, if I want to have my car under control, I want plenty of room and, to have full control of my car, I really want two in the front seat."

It was not necessary for the judge to include this request of defendant in his charge, for the same reasons as heretofore given in reference to the second claim of error. Not whether plaintiff's driver could control his car as well with three in the car as he could with only two, but whether he had his car under control, was a question for the jury.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.