*In re* ORR'S ESTATE.

CLAIM OF RUGENSTEIN.

1. AUTOMOBILES—INTERSECTIONS—RIGHT OF WAY.

A motorist can rely on the right of way and may assume that another will obey the law and observe such right unless circumstances indicate to the contrary but he must always exercise that degree of care and caution that a reasonably prudent and careful person would exercise under the same or similar circumstances.

2. SAME—THROUGH HIGHWAY—STOPPING.

A motorist on a through highway has a right to assume that another motorist approaching on a stop road would obey the statute which required him to come to a full stop before entering the through highway (1 Comp. Laws 1929, § 4715).

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Question of contributory negligence of truck driver, who was on through highway and across the center line of the intersection when collision occurred between his truck and an automobile driven by another motorist who entered highway from an intersecting road without having stopped, was for jury (1 Comp. Laws 1929, § 4715).

4. APPEAL AND ERROR—REVERSIBLE ERROR—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Admitted error of trial court in asking truck driver whose truck had been driven on a through highway and involved in a collision at an intersection with a car which came from an intersecting highway, the driver of which was killed in the collision, as to whether such car had been stopped before it came onto the through highway *held,* not reversible where fact that deceased's car had not stopped was established by testimony of a disinterested witness and appellant's brief admits that neither car stopped for the intersection (1 Comp. Laws 1929, § 4715).

5. SAME—QUESTIONS REVIEWABLE—MOTION FOR NEW TRIAL—ASSIGNMENTS OF ERROR.

Alleged defects in court's charge to jury in action arising out of collision between truck and automobile at an intersection which were not brought to trial court's attention on motion for new trial nor presented in assignments of error but raised for first time in appellant's brief will not be considered by Supreme Court.

Appeal from Tuscola; Cramton (Louis C.), J. Submitted January 17, 1941. (Docket No. 111, Calendar No. 41,450.) Decided March 11, 1941.

Theodore Rugenstein presented his claim against the estate of Herbert P. Orr, deceased, for damages arising out of an automobile accident. On appeal to circuit court. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Arthur J. Kinnane,* for plaintiff.

*M. D. Orr,* for defendant.

Bushnell, J. This action arises out of an intersection collision between an automobile that was being driven southerly on the Vassar-Caro road on August 14, 1939, about 8:15 o'clock in the morning, by the late Herbert P. Orr, and a Chevrolet dump truck that was being driven westerly on M-46 by claimant Theodore Rugenstein. Orr and his wife were killed, Rugenstein was injured, and his truck was damaged.

There is some dispute in the record as to the number of stop signs at the intersection. A disinterested witness said that there were stop signs on the west, north, and south corners but none on the east. The sheriff of Tuscola county, who testified for Rugenstein, said there were four stop signs at the intersection, one facing each way.

Rugenstein first saw the Orr car when he was about 95 feet from the point of collision, Orr being then about 300 or 400 feet north of the intersection and "going fast." Claimant says that he relied on the stop sign, slowed up a little, and decided it was safe to proceed. At the time of the impact, his rear wheels were across the center line of the intersec-

tion. Rugenstein cannot see out of his left eye and, after observing traffic from the north, turned his head so that he could look to the south, and he did not see the Orr car again until just an instant before he was hit.

Plaintiff presented his claim to the Orr estate and it was allowed. The estate appealed to the circuit court, where the matter was submitted to the jury. After a verdict by the jury, judgment was entered in the sum of $1,012.50.

Under these circumstances, should the trial judge have directed a verdict for the estate on the ground that plaintiff was guilty of contributory negligence as a matter of law?

"One can rely on the right of way and may assume that another will obey the law and observe such right unless circumstances indicate to the contrary. But he must always exercise that degree of care and caution that a reasonably prudent and careful person would exercise under the same or similar circumstances." *Rhoades* v. *Finn,* 288 Mich. 262, 265.

Rugenstein was proceeding on a through highway. He had a right to assume that Orr would obey the statute which required him to come to a full stop before entering M-46. See 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583), and *Weil* v. *Longyear,* 263 Mich. 22. The speed of the two vehicles as they approached the intersection, the testimony of the witnesses, the inhibition of the statute just cited, and the unquestioned negligence of Orr produce a state of facts upon which reasonable men may fairly arrive at different conclusions. The issue of fact thus presented makes the matter of Rugenstein's contributory negligence a question for the jury. *Pulford* v. *Mouw,* 279 Mich. 376, and authorities cited at page 382.

Appellant contends that reversal is demanded because of the court's admitted error in asking a witness a question involving facts equally within the knowledge of the deceased.* The court asked plaintiff if the Orr car stopped before it came onto M-46, and plaintiff answered, "It did not." Even if this testimony were eliminated from the case, this fact was established by the testimony of a disinterested witness. Moreover, in the statement of facts in appellant's brief we find the admission that: "It is apparent that neither car stopped for the intersection." The question put by the judge, although erroneous, does not constitute reversible error.

In the statement of questions involved, appellant asks: "Was the charge of the court to the jury a fair statement of the law as applying to the undisputed facts?"

Defendant estate did not complain about the court's charge in its motion for new trial and limited its assignments of error to the court's failure to give certain requested charges. In spite of this, certain alleged specific defects in the charge are discussed at length in appellant's brief. Under the rulings of this court, such a question, raised for the first time in defendant's brief, will not be considered. *Thomson* v. *Brandt*, 249 Mich. 127. See, also, *Anderson* v. *Lynch*, 232 Mich. 276, and *Garton* v. *Powers*, 252 Mich. 442.

The judgment is affirmed, with costs to appellee.

Sharpe, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—Reporter.