## SMITH *v.* MATICKA.

1. Automobiles—Head-On Collision—Negligence—Contributory Negligence—Evidence—Question for Jury.

   In action for damages for personal injuries received in collision between plaintiff's truck and defendants' car which had been travelling in opposite directions, evidence presented questions of negligence of defendants' driver and contributory negligence of plaintiff for consideration of jury.

2. Appeal and Error—Manner of Exclusion of Testimony.

   Exclusion of testimony bearing on plaintiff's damages because of his inability to carry on his previous business of auctioneering due to injuries received in head-on collision of his truck with defendants' car was not, under record presented, reversible error because of claimed sarcasm or ridicule imposed by trial court upon plaintiff or his counsel in rejecting testimony.

3. Same—Saving Questions for Review—Assignments of Error —New Trial.

   Claimed errors in failing to give certain instructions to jury and in instructions given may be presented to Supreme Court for consideration on appeal if included in assignments of error although not presented to trial court in motion for new trial.

4. Same—Instructions—False Testimony.

   Instruction to jury relative to rejection of testimony found to be false which failed to take into consideration the materiality of such testimony or the intent of the witness in giving it, while erroneous, *held*, not prejudicial error upon consideration of record as a whole.

5. Same—Automobiles—Unnecessary Instructions.

   Fact that instruction was given in action arising out of head-on collision relative to driving of slow-moving vehicles on right of highway, although no issue existed requiring it, did not constitute a prejudicial error under record presented.

Effect of emergency on standard of care, see 2 Restatement, Torts, §§ 296, 470.

6. AUTOMOBILES—SUDDEN · EMERGENCY—STANDARD · OF CARE—IN-
STRUCTIONS.

    In action arising out of head-on automobile collision it was
reversible error to refuse to give requested instruction stating
applicable law as to standard of care required of person con-
fronted with a sudden emergency due to fault of another where
there was testimony supporting same.

7. NEGLIGENCE—SUDDEN EMERGENCY—STANDARD OF CARE.

    A person confronted with a sudden emergency caused by the
fault of another is not required to exercise the same degree
of care as if he had time for the full exercise of his judg-
ment but need act only as a person of ordinary prudence
might have acted under the circumstances in good faith in
attempting to escape danger in order to avoid being found
guilty of negligence.

Appeal from Wayne; Hart (Ray), J., presiding.
Submitted January 5, 1943. (Docket No. 20, Calen-
dar No. 42,136.) Decided April 6, 1943.

Case by Clarence B. Smith, Sr., against Thomas
Maticka, doing business as Sanford Lumber Com-
pany, Thomas Maticka, Jr., and Lloyd Mahar, doing
business as Mahar Motor Sales, for injuries re-
ceived in a collision with automobile driven by
Thomas Maticka, Jr. Verdict and judgment for de-
fendants. Plaintiff appeals. Reversed and re-
manded.

*Arthur J. Kinnane,* for plaintiff.

*Carl H. Smith,* for defendant Lloyd Mahar.

*William Dexter Fales,* for defendants Maticka.

CHANDLER, J. This controversy arises out of an
automobile accident occurring in the forenoon of
June 15, 1940, involving an Oldsmobile automobile
driven by Thomas Maticka, Jr., the son of defend-

ant Thomas Maticka, doing business as Sanford Lumber Company, and a Ford pickup truck owned and operated by plaintiff. The defendant, Lloyd Mahar, is an automobile dealer from whom the Oldsmobile car had been purchased by defendant Maticka. However, at the time of the accident, title to said vehicle had not been transferred in pursuance of the sale and, therefore, Mahar is a party defendant hereto.

According to the claim of plaintiff, at the time of the accident, he was proceeding in an easterly direction on US-10, a paved highway of approximately 20 feet in width in Midland county, at a speed of 50 to 55 miles per hour; that approaching him in a westerly direction were three cars, followed by the Maticka car; and that when he had reached a point some 6 or 8 rods from the Maticka car, the latter was driven to the south side of the pavement in an attempt to pass the cars immediately in front of it and which were also approaching plaintiff. Plaintiff testified that when the Maticka car came over to the south side of the pavement, he realized that the driver thereof would be unable to drive the same back to the north side between any of the cars that were proceeding in the same direction. Thereupon, he turned his truck to the south of the pavement, and he stated that as he did so, the Maticka car also turned toward the south. Plaintiff then, according to his testimony, tried to turn back to the north side of the pavement but was unable to do so and a collision resulted, causing him serious bodily injuries.

Plaintiff's testimony as to the manner in which the accident occurred was corroborated by a witness who was driving one of the cars proceeding in a westerly direction and approaching plaintiff at the time and place in question. He stated that his car was preceded in the line of traffic moving west by

three other cars; that the Maticka car passed him and "breezed" down the south side of the pavement, colliding with plaintiff's truck, and at no time after it passed the car driven by the witness did it return to the north side of the pavement before the accident happened.

The driver of the Maticka car was rendered unconscious by the impact and, at the time of the trial, claimed to be unable to remember anything as to how the accident occurred.

After the accident, both cars were located on the south side of the pavement.

At the conclusion of all the proof, plaintiff moved for a directed verdict which was denied by the trial court. The jury returned a verdict of no cause of action. Thereafter, plaintiff filed a motion for a new trial which he twice amended, and which also was eventually denied. Plaintiff appeals.

It is first claimed that the court should have directed a verdict for plaintiff as to defendants' liability for the reason that under the undisputed testimony, he was free from contributory negligence and the driver of the Maticka car was guilty of negligence as a matter of law.

As opposed to the testimony adduced by plaintiff as to the manner in which the accident occurred, defendants produced a witness who gave testimony, which need not be quoted, but which was sufficient to raise a jury question as to plaintiff's contributory negligence. If the jury believed the testimony of this witness in preference to plaintiff's witnesses, they could have inferred that the accident occurred by reason of plaintiff driving his truck back and forth across the center line and toward the vehicles approaching him from the opposite direction. See *Quick* v. *Michigan Transportation Co.,* 294 Mich. 402.

Plaintiff offered evidence as bearing upon the question of damages of his inability to carry on his previous business of auctioneering and the pecuniary loss he sustained thereby. Some of this proffered testimony was excluded by the trial court as being too speculative to be considered by the jury. Plaintiff complains of these adverse rulings, arguing that the repeated rejection of such testimony, and the sarcastic manner and tone of voice used by the trial judge in excluding the same, prejudiced the jury against him. We find it unnecessary to discuss the excluded testimony in detail but have carefully examined the record before us and do not find that the result should be changed by reason of any claimed sarcasm or ridicule imposed upon plaintiff or his counsel by the trial court.

The next four claims of error relate to alleged error in the failure to give certain instructions to the jury and in instructions that were given. Before discussing these claims, disposition must be made of defendants' contention that these alleged errors are not properly before us for determination as they were not presented to the trial court in plaintiff's motion for a new trial. In support of this argument, defendants cite *In re Orr's Estate,* 297 Mich. 37, where we said:

"Defendant estate did not complain about the court's charge in its motion for a new trial and limited its assignments of error to the court's failure to give certain requested charges. In spite of this, certain alleged specific defects in the charge are discussed at length in appellant's brief. Under the rulings of this court, such a question, raised for the first time in defendant's brief, will not be considered."

In *Anderson* v. *Lynch,* 232 Mich. 276, we held that in the absence of an assignment of error covering

the point, or request to charge, failure of the court to give a particular charge would not be reviewed. We refused to review unassigned errors in *Garton v. Powers,* 252 Mich. 442. The statement in *Re Orr's Estate, supra,* is substantially similar to that appearing in *Thomson* v. *Brandt,* 249 Mich. 127, where mention was made of the fact that the alleged error in the charge was not objected to at the time of the trial, nor was a motion for a new trial made. Further, in that same case, it was not assigned as error and the question was raised for the first time in the brief on appeal to this court.

Perhaps the reference in the foregoing quotation from *In re Orr's Estate, supra,* to the fact that the alleged error in the charge of the court was not brought to the attention of the court by a motion for a new trial has created some confusion. To require a litigant to include in a motion for a new trial every alleged error concerning charges of the trial court or failure to charge as requested, upon which he intended to rely, would impose an unjust burden. It is sufficient to present such issues for review if they are included in the assignment of error, and, to this extent, our opinion in *Re Orr's Estate, supra,* is hereby modified. See, also, Court Rule No. 66, § 8 (1933).

The trial court charged the jury as follows:

"If you find any witness has testified falsely you have a right to reject any and all of their testimony or accept such.as you believe is based on or corroborated by the other testimony in the case, and is based on the other fact as developed by the other testimony in the case. That is a question entirely in the province and determination of the jury. That is a question the court has nothing to do with."

This instruction was erroneous in that it failed to take into consideration the materiality of any false

testimony the jury may have found to have been given by a witness or the intent of the witness in giving such false testimony. See *Gerado* v. *Brush*, 120 Mich. 405; *Rawlings* v. *Clyde Plank & Macadamized Road Co.*, 158 Mich. 143. However, review of the whole case leads us to the conclusion that plaintiff was not prejudiced thereby. *Granger* v. *Darling*, 156 Mich. 31.

The italicized portion of the following charge should not have been given as no issue existed requiring it.

"Upon all highways of sufficient width, except upon one-way streets, the driver of the vehicle shall drive the same upon the right half of the highway, *and should drive the whole (slow) moving vehicle, as nearly as possible, on the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway.*"

However, in our opinion, plaintiff was not prejudiced by this instruction.

Likewise, the court's instruction in the language of 1 Comp. Laws 1929, § 4697 (a) as amended (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1942 Cum. Supp. § 9.1565[a]), was inapplicable to the testimony and theories of the respective parties, yet its inclusion cannot be said to have been prejudicial.

Plaintiff complains of the court's refusal to give the following requested charge:

"Where one is required to act suddenly and in the face of imminent danger, the law does not require him to exercise the same degree of care as if he had time for deliberation and the full exercise of his judgment * * * this is especially true where the peril has been caused by the fault of another. A person thus situated in an emergency will not be held guilty of either negligence or contributory negligence merely because he failed to exercise

the care a prudent person would have exercised under these circumstances, or because he failed to exercise the best judgment or take every precaution which he might have taken, which, from a careful review of the circumstances, after the accident, it appears he might have taken and might have avoided the injury. * * * If such person in good faith acts as a person of ordinary prudence might have acted under the circumstances, he will not be guilty of either negligence or contributory negligence, even though the act done is actually dangerous and results in injury in attempting to escape the danger. (*Donker* v. *Powers,* 230 Mich. 237.)"

As we have stated, according to plaintiff's testimony, when the Maticka car came over to the south side of the road, he turned his car toward the south of the pavement to avoid a collision. As he did so, the Maticka car also turned south, whereupon plaintiff tried to turn to the north side of the pavement but was unable to do so before the crash occurred. It was reversible error for the trial court to refuse to give the requested instruction because, if the jury believed plaintiff's testimony, he was confronted with an emergency, a circumstance to be taken into account in determining the issue of contributory negligence. The charge requested stated the applicable law and should have been given.

Reversed and remanded for a new trial, with costs to appellant.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.