RUOTSALA v. HOLZHAUER

1. EVIDENCE—PRESUMPTIONS—DUE CARE—REBUTTING PRESUMPTION.
The testimony of any witness, including the defendant who saw a decedent at all before the accident in which he died is sufficient to overcome the presumption that the decedent was exercising due care for his own safety.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 211.
[2] "Emergency rule" as applied to automobile or motorcycle drivers. 111 ALR 1019.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 376–379.
   Doctrine of last clear chance. 171 ALR 365.
[4] 58 Am Jur, Witnesses § 870.

2. NEGLIGENCE—SUDDEN EMERGENCY—PEDESTRIAN—INSTRUCTIONS TO JURY.

> The failure of the trial court to instruct the jury in a wrongful death action that the sudden emergency doctrine would operate in favor of the decedent, a pedestrian, as well as the defendant, was not error where the record was void of any facts from which an inference could be drawn that the decedent was faced with an emergency situation and was forced into evasive action to avoid being run down by defendant.

3. NEGLIGENCE—DISCOVERED NEGLIGENCE—SUBSEQUENT NEGLIGENCE.

> The doctrine of discovered negligence cannot be considered or applied in the absence of proof showing or tending to show that the plaintiff's negligence had put him in a position of peril, that such negligence thereafter ceased to operate as an efficient cause of the injury, that the defendant could and should have discovered the plaintiff's peril in time to avoid causing injury by the employment of safe means at ready hand, and that the defendant failed to discover the peril and act as a person exercising due care would have acted under like circumstances.

4. WITNESSES—CREDIBILITY—CONVICTION—INSTRUCTIONS TO JURY.

> Trial court's refusal to instruct the jury in a negligence action that testimony of defendant's conviction of leaving the scene of the accident in which plaintiff's decedent was killed could be considered in determining defendant's credibility and giving of instruction that the testimony was not to be considered as bearing on proximate cause was not necessarily error.

Appeal from Baraga, Stephen D. Condon, J. Submitted Division 3 May 1, 1970, at Marquette. (Docket No. 7,128.) Decided June 24, 1970. Leave to appeal denied August 26, 1970. 383 Mich 823.

Complaint by Lloyd W. Ruotsala, administrator of the estate of Roger Lloyd Ruotsala, deceased, against Clarence Frank Holzhauer, for the wrongful death of plaintiff's decedent resulting from automobile negligence. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*Wisti, Jaaskelainen & Bourland* for plaintiff.

*Dartland, Johnson & Kedzior,* for defendant.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

FITZGERALD, P. J. The initial cause from which this appeal is now taken arose from an action for the wrongful death of Roger Lloyd Ruotsala, age 17. The boy was fatally injured when struck by an automobile operated by the defendant, Clarence Frank Holzhauer, at approximately 1:30 a.m. on June 29, 1966, near Nestoria, Michigan. Plaintiff Lloyd W. Ruotsala is the administrator of the deceased's estate.

The pertinent facts are as follows:

Defendant and three others were enroute to a convention in Hancock, Michigan, at the time of the accident. Decedent, intent upon visiting his grandparents, had been hitchhiking from his parents' home in Royal Oak to Hancock. The accident took place in the early morning hours while it was still dark on an isolated and unlighted curve on US 41. Defendant did not stop his vehicle at the scene, but instead he continued on to the nearest State police post to report the incident. Two of the passengers present in the automobile were unable to testify to the events since they were asleep at the time of the accident. Mrs. Holzhauer stated that while she did not see the deceased nor realize what had taken place, she did feel an impact. The case was tried to a jury which rendered a verdict of no cause of action.

Plaintiff brings four allegations of error, all of which concern the trial court's refusal to instruct

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the jury as requested. The first matter we must decide is whether the jury should have been instructed that there is a presumption that the deceased was exercising due care for his own safety.

Under early Michigan case law, such an instruction was required, for the presumption of a deceased's due care needed more than slight evidence to rebut it. However, subsequent decisions have altered this rule. Under the facts of the present case, defendant, the only eyewitness, saw the young man moments before the impact. This is sufficient to bring the case within the purview of *Schillinger* v. *Wyman* (1951), 331 Mich 160, which ruled that if the defendant saw the deceased at all before the accident, his testimony as an eyewitness is sufficient and the presumption of due care will not be indulged. See also *Barry* v. *Elkin* (1952), 332 Mich 427. Plaintiff cites *Hett* v. *Duffy* (1956), 346 Mich 456, in support of his argument, but misreads its holding. The aforementioned case did not change the law as enunciated in *Schillinger, supra,* and therefore we must hold that the trial court committed no error in its failure to instruct the jury that decedent was presumed to be exercising due care for his safety.

The second assignment of error concerns the trial court's failure to instruct the jury that the sudden emergency doctrine would operate in favor of the decedent as well as the defendant.

A review of applicable case law does not produce an automobile-pedestrian situation wherein a failure to give plaintiff's requested instruction concerning application of the sudden emergency doctrine was held to be reversible error. Plaintiff cites *Smith* v. *Maticka* (1943), 305 Mich 32, to support his contentions. The facts are readily distinguished from the case at hand and we are not persuaded to adopt his reasoning. In *Smith, supra,* the emergency doctrine

was applied in a two-car accident where the facts and circumstances surrounding the collision were known. At present, we are faced with a situation involving a deceased whose activities prior to the accident we know nothing about. The record is void of any facts from which an inference could be drawn that deceased was faced with an emergency situation and was forced into evasive actions to avoid being run down by defendant.

A certain latitude must be afforded the trial court in the area of jury instructions. The judge need not instruct the jury on theories which lack an evidentiary foundation. It is for these reasons that we find no error in failing to instruct the jury that the sudden emergency doctrine would apply to plaintiff's decedent.

Next we shall consider whether the jury should have been instructed on the doctrine of subsequent negligence. Defendant contends the facts were such that a jury could have found subsequent negligence. He argues that in light of these facts, he was entitled to an instruction on the doctrine of subsequent negligence as set forth in *Papajesk v. Chesapeake & Ohio Railway Company* (1968), 14 Mich App 550.

It is contended that decedent was in a position which had become dangerous and defendant knew, or by the exercise of ordinary care, ought to have known, of decedent's peril. An examination of the record fails to disclose an evidentiary foundation for plaintiff's argument. The facts of *Papajesk, supra,* differ radically from the case at hand and therefore we cannot say that it is controlling.

In *Shafkind v. Kroll* (1962), 367 Mich 42, the Supreme Court set forth conditions which must be found prior to a consideration or application of the doctrine of subsequent negligence. The Court stated as follows:

"See *Duffy* v. *Enright Topham Co.* (1937), 282 Mich 662; (3 NCCA NS 123); *Ertzbischoff* v. *Smith* (1938), 286 Mich 306; *Davidson* v. *City of Detroit* (1943), 307 Mich 420; *St. John* v. *Nichols* (1951), 331 Mich 148; *Schmid* v. *Morehead* (1952), 333 Mich 611; and *Dunn* v. *City of Detroit* (1957), 349 Mich 228, for full exposition of our consistent rule that the doctrine of discovered negligence cannot be considered or applied in the absence of proof showing or tending to show that the plaintiff's negligence had put him in a position of peril; that such negligence thereafter ceased to operate as an efficient cause of the pleaded injury; that the defendant could and should have discovered the plaintiff's peril in time to avoid such injury by the employment of safe means at ready hand, and that the defendant failed to so discover and act as would a person exercising due care under like circumstances."

Application of the qualifications enumerated above to the circumstances surrounding this most unfortunate accident leave no room for a jury consideration of the subsequent or discovered negligence rule. The evidence submitted was not sufficient to prove or even allow the inference that there was enough time and distance for defendant to effectuate evasive or preventive measures to avoid the accident.

The last issue raised concerns error charged to the trial court in failing to instruct the jury that defendant's conduct in leaving the scene of the accident may be considered in determining his credibility. During the course of the trial, the jury heard testimony of defendant's conviction of leaving the scene of the accident. They were instructed that such evidence was not to be considered as bearing on the proximate cause of the accident. While the law is settled that such evidence of a criminal conviction is admissible to show credibility, there is an absence of authority compelling us to find error in the failure

to instruct the jury that such information may be considered.

After reviewing the law of this state and the facts of the present case, we find that the trial court's instructions, taken as a whole, were not erroneous.

Affirmed.

All concurred.